IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **INDEMNITY INS. CORP., f/k/a** § | | |
| **INDEMNITY INS. CORP. OF D.C., RRG** § | | |
| § | | |
| **v.** § | A-11-CA-449 LY | |
| § | | |
| **AUSTIN LUCKY LOUNGE, LP, et al.** § | | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Defendants' Motion to Dismiss, or in the Alternative, Motion to Stay (Clerk's Doc. No. 5) filed July 20, 2011; Plaintiff's Response to Defendants' Motion to Dismiss or Stay (Clerk's Doc. No. 11) filed August 16, 2011; and Defendants' Reply in Support of Their Motion to Dismiss, or in the Alternative, Motion to Stay (Clerk's Doc. No, 15) filed August 23, 2011. The District Court referred these Motions to the undersigned Magistrate Judge for report and recommendation.

### I. FACTUAL BACKGROUND

This is a declaratory judgment action in which Indemnity Insurance Corporation ("Plaintiff" or "Indemnity") is seeking a determination of its duty to defend and indemnify Lucky Lounge, LP, Austin Lucky Lounge GP, LLC, Kenneth George Blank, William Muntz, and Kyle Cox (collectively "the Lucky Lounge Defendants") for claims asserted in a state court personal injury suit filed in Travis County, Texas. The case is before the Court based on a claim that there is diversity of citizenship among the parties.

Kyle Cox filed his Original Petition in the Underlying Suit on November 18, 2010. *Kyle Cox v. Austin Lucky Lounge, LP, Austin Lucky Lounge GP, LLC, Kenneth George Blank and William*

*Muntz*, Cause No. D-1-GN-10-004058, in the 345th Judicial District Court of Travis County, Texas. Cox alleges he was severely and permanently injured as a result of an incident that occurred at the Lucky Lounge on February 27, 2010, and states causes of action for negligence, gross negligence, vicarious liability, premises defect, and false detention and defamation.  In his suit, Cox claims that while being ejected from the back door of the bar by Lucky Lounge employees, he fell down several concrete steps, where he landed on his head, lost consciousness, and began bleeding from his ear. He alleges the Lucky Lounge employees returned inside and left him bleeding and unconscious on the sidewalk.  Cox seeks personal injury damages including future medical expenses, past and future physical pain and suffering, past and future mental anguish, past and future physical impairment, future disfigurement, past and future lost wages and income earning capacity.

Defendant Lucky Lounge, LP, is the named insured under Commercial General Liability Policy No. 6000712 ("the Policy") issued by Indemnity.  The Policy contains an Exclusion for assault and/or battery.  Prior to Cox filing his state court action, Indemnity was notified of and investigated Cox's claims.  On March 31, 2010, Indemnity sent Lucky Lounge, LP, a Denial of Coverage and Reservation of Rights, denying any duty to defend or indemnify Cox's claims.  The letter stated that Indemnity,

> has reviewed this matter and expressly denies any duty or obligation to indemnify and/or defend Lucky Lounge for any 'bodily injury' or 'property damage' arising from assault and/or battery.  The insurer understands that despite the foregoing, it may nevertheless be obligated to provide Lucky Lounge with a defense against certain other allegations asserted by Claimant.

*See* Exhibit B to Defendants' Motion to Dismiss.  The letter also stated "Due to the reservation of rights aforesaid, you may have the right to be defended by counsel of its [sic] own choosing in this action."  *Id.*

2

Lucky Lounge, LP, then hired counsel, who wrote a letter on April 12, 2010, stating that he understood Indemnity's notice to Lucky Lounge to state that Indemnity would provide and pay for Lucky Lounge's defense under a reservation of rights, and further asking Indemnity to let him know if he was mistaken about Indemnity's position on paying for the defense. *See* Exhibit C to Defendants' Motion to Dismiss. The letter also generally disputed the coverage decision, and asserted that the underlying suit also brought negligence claims which squarely fell within the coverage terms of the Policy. The letter fully reserved the Insured's rights under the Policy to both a defense and coverage, and requested Indemnity to meet those duties. *Id.*

On August 23, 2010, Lucky Lounge, LP's counsel forwarded to Indemnity a demand and offer of settlement from Cox's counsel, and demanded that Indemnity provide a defense and coverage for the claims. *See* Exhibit D to Defendants' Motion to Dismiss. The demand letter stated that Lucky Lounge employees had negligently pushed Cox out of the bar. *Id.* Indemnity responded by denying any duty to defend or indemnify under the Policy, asserting that the occurrence involved an intentional act not covered by the Policy, and/or assault and/or battery. In stating this position, Indemnity pointed out that Lucky Lounge security employee Kenny Blanks was charged with second degree felony assault with serious bodily injury after the incident. *See* Exhibit E to Defendants' Motion to Dismiss.

Lucky Lounge's counsel then threatened legal action against Indemnity for its refusal to defend or indemnify, and retained separate counsel on the coverage issue. After Cox filed suit in state court, the coverage counsel sent a letter to Indemnity demanding defense and indemnity of the claims in the state court suit. *See* Exhibit G to Defendants' Motion to Dismiss. On February 3, 2011, now apparently understanding that Cox was removed from the bar because he was intoxicated and fell while leaving, Indemnity agreed to pay defense costs, although it continued to deny any duty

3

to indemnify Lucky Lounge and to reserve its rights. *See* Exhibit H to Defendants' Motion to Dismiss. Subsequently, Indemnity failed to respond to invoices for defense costs, and failed to acknowledge Lucky Lounge's retention of Michael Burnett as counsel. *See* Exhibits I, J, and K to Defendants' Motion to Dismiss. Indemnity thereafter filed this declaratory judgment action on May 27, 2011.

On July 11, 2011, the Lucky Lounge Defendants filed suit against Indemnity and Cox in Texas state court.[1] In that case, the Lucky Lounge Defendants make claims against Indemnity for breach of contract, declaratory judgment, breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and promissory estoppel. They also seek a declaration that Indemnity has a duty to defend the Lucky Lounge Defendants in Cox's state court personal injury action, along with certain other defense costs.

The Lucky Lounge Defendants now move this Court to use its discretion to dismiss, or alternatively, to stay the case before it.

## II.  MOTION TO DISMISS

The Declaratory Judgment Act provides that the Court "upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a) (emphasis added). The Declaratory Judgment Act "has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). Thus, a district court possesses "broad discretion to grant (or decline to grant) declaratory judgment." *Id.* at 281. "In

---

[1] *Austin Lucky Lounge, LP, Austin Lucky Lounge, GP, LLC, William Muntz, and Kenneth George Blank v. Indemnity Insurance Corp., f/k/a Indemnity Insurance Corp. of DC, RRG and Kyle Cox*, Cause No. D-1-GN-11-002076 in the 53rd District Court, Travis County, Texas.

the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* at 288. The Supreme Court has stated that it would be "uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues . . . between the same parties." *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 495 (1942).

In *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891 (5th Cir. 2000), the Fifth Circuit set out a three-step process for district courts to follow in deciding whether to dismiss a declaratory judgment action. *Sherwin–Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003). The steps require a district court to determine: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Id.* In this case, the parties do not dispute the first two factors. Because there is no dispute that the declaratory action is justiciable and that the Court has the authority to grant declaratory relief, the motion turns on whether the Court should exercise its discretion to decide the case.

### A.     The *Trejo* factors

In *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994), the Fifth Circuit identified several factors which should be considered by a district court in determining how to exercise its discretion in a declaratory judgment action:

(1)     whether there is a pending state action in which all of the matters in controversy can be fully litigated;

(2)     whether the plaintiff filed in anticipation of a lawsuit by the defendant;

(3)     whether the plaintiff engaged in forum shopping in bringing the suit;

>   (4)   whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
>
>   (5)   whether the federal court is a convenient forum for the parties and witnesses;
>
>   (6)   whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and
>
>   (7)   whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Id.* at 590. These factors are not exhaustive, mandatory or exclusive. *Granite State Ins. Co. v. Tandy Corp.*, 986 F.2d 94 (5th Cir. 1992)). In *Sherwin–Williams,* the Fifth Circuit noted that the *Trejo* factors are designed to address three fundamental considerations: (1) proper allocation of decision-making between state and federal courts, (2) fairness, and (3) efficiency. 343 F.3d at 390.

### B.   Application of the *Trejo* factors

The first factor, whether there is a pending state action in which all of the matters in controversy may be fully litigated, favors dismissal. "If [a] federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Sherwin–Williams Co.*, 343 F.3d at 390–91. Indemnity argues that the "central claim" in the federal court action—Indemnity's duty to indemnify, is not included in the state court action. The Lucky Lounge Defendants respond that Indemnity's duty to indemnify is dependent upon the outcome of the state court personal injury suit filed by Cox; and, regardless, they have amended their state court petition to include the duty to indemnify claim. Additionally, the standard is "whether there is a pending state action in which all the matters in controversy *may* be fully litigated." *Trejo*, 39 F.3d at 590 (emphasis added). Indemnity has identified no impediment to the inclusion of all parties and issues in the state court action. *See United States Fidelity v.*

*Blevins*, 979 F.2d 1535 (5th Cir. 1992) (affirming district court's decline of jurisdiction where insurer not a present party to state court action).

The second, third, and fourth *Trejo* factors—whether Indemnity filed suit in anticipation of being sued, whether it engaged in forum shopping, and whether there are inequities in letting Indemnity's suit to proceed in lieu of Lucky Lounge's—are inter-related, and will thus be addressed together. It appears that Indemnity filed the federal action in anticipation of litigation, and in an attempt to get a "jump" on any suit Lucky Lounge might file. The Lucky Lounge Defendants assert that Indemnity affirmatively misled them by stating it would provide a defense, and then instead filed this declaratory judgment action asserting it had no duty to defend or indemnify. The facts set out in the pleadings support this. At the time it filed suit, Indemnity knew Lucky Lounge was investigating legal options and had hired coverage counsel. Further, filing an anticipatory suit is a type of forum-shopping. *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 (5th Cir. 1983); *see also Granite State Ins. Co. v. Tandy Corp.*, 986 F.2d 94, 96 (5th Cir. 1992) (affirming determination that the declaratory judgment complaint was filed in anticipation of litigation where the parties had engaged in lengthy negotiations and the declaratory plaintiff did not deny liability until it filed the declaratory action).

Relying upon *Sherwin-Williams Co.*, Indemnity contends that its filing in this Court was not forum-shopping, but rather was merely the exercise of its congressionally accorded right (via the diversity statute) to the benefits and safeguards of a federal forum for an out-of-state citizen to protect against the prejudices of local courts and local juries.[2] This, however, ignores the actions

---

[2]The Lucky Lounge Defendants contend that this argument overlooks the requirement that "[a]ll plaintiffs must be diverse in citizenship from all defendants in an action brought under the jurisdiction conferred by 28 U.S.C. § 1332(a)." *Farrell Const. Co. v. Jefferson Parish, La .*, 896 F.2d 136, 139-140 (5th Cir. 1990). They point out that Cox is a defendant in the state court case, and there is thus not complete diversity in that case, rendering removal of the state court petition, via

Indemnity took to mislead Lucky Lounge, and to lure it into believing that there was no reason for Lucky Lounge to file its own suit. Considering all of the facts, the Court finds that the second, third and fourth factors collectively weigh in favor of dismissal. From the standpoint of fairness, the evidence before the Court shows that Indemnity lulled the Lucky Lounge Defendants into complacency by offering to pay defense costs, and then filed suit in federal court asking for a declaration they had no duty to defend. *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 (5th Cir. 1983). At a minimum, Indemnity engaged in gamesmanship in order to secure the federal forum. "Declaratory judgments are not to be used defensively to deny a prospective plaintiff's choice of forums." *Prudential Ins. Co. v. Doe*, 140 F.3d 785, 790 (8th Cir. 1998).

With regard to the fifth factor, the record does not reflect that the federal forum is either more or less convenient for either of the parties. From a geographic perspective of convenience, there is little difference between the two courts, as they are three blocks away from each other. Indeed, I can see the state courthouse out my window as I write these words. And from the standpoint of applying the relevant law, it is notable that the declaratory judgment action does not present any federal law questions. Interpretation of an insurance contract is a matter of state law, making this case particularly well-suited for resolution by the state court. *See Magnolia Marine Transport Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1582 (5th Cir. 1992) (finding that the district court abused its discretion by choosing not to stay or dismiss a declaratory judgment action when the action involved state law interpretation of an insurance policy and there was a pending state court action

---

diversity, unavailable. In effect, they are contending that the suit filed in federal court lacks a necessary party (Cox), and that "to allow the federal declaratory judgment action to go forward would impermissibly 'sanction partial removal in all but name.'" *Sherwin Williams Co.*, 343 F.3d at 397 n.7(citing *Continental Cas. Co. v. Robsac Industries*, 947 F.2d 1367, 1373 (9th Cir. 1991)). The problem with this argument is that it is far from obvious that Cox is a necessary, or even proper, party to the coverage dispute between Lucky Lounge and Indemnity. If Cox is a proper party, then the Lucky Lounge Defendants may have a valid point, but if not, then their argument fails.

involving the same issue and parties). *See also Sherwin–Williams*, 343 F.3d at 396 (explaining that, although the presence of a federal question is not specifically identified as one of the seven *Trejo* factors, the existence of a federal question weighs in favor of a federal court exercising its discretion to decide a declaratory judgment action).

The sixth factor, whether retaining the lawsuit in federal court would serve the purposes of judicial economy, also favors dismissal. All of the issues presented in this case can be resolved in the state court action. It would be wasteful to simultaneously litigate the same issues in two different courts. Additionally, to allow parallel proceedings in two courts under these circumstances would invite inconsistent policy interpretations and piecemeal litigation.

Considering these factors,[3] the Court finds that dismissal of this case in favor of the state court action is proper. There is a close nexus between the underlying factual and legal issues and state law and public policy. This is particularly so in an insurance coverage case. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 561 (6th Cir. 2008). "District courts routinely invoke the doctrine of abstention in insurance coverage actions, which necessarily turn on issues of state law." *Travelers Indem. Co. v. Philips Elecs. N. Am. Corp.*, 2004 WL 193564 *2 (S.D.N.Y. Feb. 3, 2004).

### III. RECOMMENDATION

For all of these reasons, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendants' Motion to Dismiss, or in the Alternative, Motion to Stay (Clerk's Doc. No. 5) and **DISMISS** Plaintiff's Declaratory Judgment action **WITHOUT PREJUDICE**.

---

[3] The seventh *Trejo* factor is inapplicable.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 17th day of November, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE